Cynthia Z. Levin, Esq.
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBBIN BROWN, | ) Case No. 11-CV-4454 |
| | ) |
| Plaintiff, | ) COMPLAINT FOR VIOLATION |
| | ) OF THE FEDERAL FAIR DEBT |
| vs. | ) COLLECTION PRACTICES ACT |
| | ) |
| VANDENBERG, CHASE & ASSOCIATES, LLC; and MOHAMMAD AHMED, an individual, | ) |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Robbin Brown ("Plaintiff"), is a natural person residing in Philadelphia county in the state of Pennsylvania, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. At all relevant times herein, Defendant, Vandenberg, Chase & Associates, LLC, ("Defendant VCA") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant VCA regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. At all relevant times herein, Defendant, Mohammad Ahmed ("Defendant Ahmed") was owner of Defendant VCA. As an officer, shareholder and/or director of Defendant VCA, Defendant Ahmed was responsible for the overall success of the company. Defendant Ahmed is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical importance to Defendant VCA's business; as the owner of Defendant VCA, he exercised control over the affairs of a debt collection business; and he was

regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant VCA's affairs and Defendant Ahmed continued to play a key role in maintaining and expanding Defendant VCA's debt collection activities throughout the time in question.

## IV. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant VCA contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. In December 2010, Defendant contacted Plaintiff in connection with an attempt to collect an alleged debt.

8. On average Plaintiff received from Defendant more than two collections calls per day in connection with an attempt to collect an alleged debt.

9. Defendant continuously and constantly contacted Plaintiff at work, where such calls are against the policies of Plaintiff's employer.

10. Defendant contacted Plaintiff at times and places that were known to be inconvenient and with such a frequency as to constitute harassment under the circumstances.

11. On more than one occasion, Defendant contacted Plaintiff's sister, Lisa Smith, a third party to this action, for purposes beyond obtaining location

information and disclosing to third party, the existence of an alleged debt owed by Plaintiff and the identity of Defendant, without being expressly requested.

12.  On more than one occasion, Defendant threatened legal action against Plaintiff for failure to pay an alleged debt.

13.  Defendant VCA's conduct violated the FDCPA in multiple ways, including but not limited to:

  a) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));
  b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));
  c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));
  d) Using Plaintiff, or distributing to Plaintiff, a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval (§1692e(9));
  e) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));
  f) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));
  g) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§1692c(a)(1)(3));
  h) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes

other than obtaining location information (§1692b & §1692c(b));

i) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));

j) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b));

k) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b)); and

l) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f).

14. Defendant Ahmed as owner of Defendant VCA is directly responsible for Defendant VCA's violations.

15. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  Declaratory judgment that Defendants' conduct violated the FDCPA;

B.  Actual damages;

C.  Statutory damages;

D.  Costs and reasonable attorney's fees; and,

E.  For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 16th day of June, 2011.

By: _____
Cynthia Z. Levin, Esq.
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumer.com**
**Attorney for Plaintiff**